Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CRESENCIANA PITA,

           *Plaintiff*,

-against-

MILLION NAILS INC, BLOOMIE NAILS & SPA 21, INC, NAIL TIQUE LIU & XU LLC, BEN XU a/k/a XU BEN or BEN TENG and LUCIA MARTINEZ

           *Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No: 22-cv-8245

CRESENCIANA PITA ("Plaintiff") by and through her attorney, Colin Mulholland, Esq., as against Million Nails Inc, Bloomie Nails & Spa 21, Inc, Nail Tique Liu & Xu LLC, Ben Xu A/K/A Xu Ben Or Ben Teng And Lucia Martinez (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of MILLION NAILS, INC., located at 307 W 125th Street, New York, NY 10027 that was owned and operated by Defendants MILLION NAILS INC, BLOOMIE NAILS & SPA 21, INC, NAIL TIQUE & XU LLC, BEN XU, and LUCIA MARTINEZ.

2. Defendants own, operate, and/or controlled nail salons called NEW MILLION NAIL SALON at 307 W 125th Street, New York, NY 10027 and BLOOMIE NAILS & SPA 21 at 219 8th Ave New York, NY 10011.

3. Plaintiff CRESENCIANA PITA was employed by Defendants as a nail technician.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours she worked each week.

5. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which she had to work over 10 hours per day.

6. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs as well as claims for discriminatory treatment under city and state law.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff CRESENCIANA PITA ("Plaintiff PITA") is an adult individual residing in the Bronx County, New York. Plaintiff PITA was employed by Defendants at from approximately May 2016 through May 2021.

2

10. MILLION NAILS INC, is a domestic corporation organized and existing under the laws of the state of New York.

11. BLOOMIE NAILS & SPA 21, INC is a domestic corporation organized and existing under the laws of the state of New York.

12. NAIL TIQUE LIU & XU LLC is upon information and belief a foreign limited liability company organized and existing under the laws of the state of Connecticut.

13. Defendant BEN XU is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant BEN XU is being sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

14. Defendant BEN XU possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

15. Defendant BEN XU assigned work tasks to Plaintiff.

16. Defendant BEN XU directed Plaintiff in her tasks and supervised her performance.

17. Defendant BEN XU supervised Plaintiff on a regular basis.

18. Defendant BEN XU had the final say on all decisions at each nail salon location.

19. Defendant BEN XU was the sole person with the power and authority to execute contracts on behalf od each nail salon including the leases for each location.

20. Defendant BEN XU determined and set the pay rate and schedule for Plaintiff.

21. Defendant BEN XU controlled and supervised the pay roll practices at each nail salon.

22. Defendant BEN XU disciplined Plaintiff.

23. Defendant LUCIA MARTINEZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant LUCIA MARTINEZ is being sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

24. Upon information and belief, Defendant LUCIA MARTINEZ possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

25. Defendant LUCIA MARTINEZ determined the wages and compensation of the employees of Defendants, including Plaintiff.

26. Defendant LUCIA MARTINEZ issued pay to Plaintiff.

27. Defendant LUCIA MARTINEZ disciplined Plaintiff.

28. Defendant LUCIA MARTINEZ supervised the employees and daily operations in on days when Defendant BEN XU was required elsewhere.

29. Defendants BEN XU and LUCIA MARTINEZ had the authority to hire and fire employees and did indeed hire and fire employees.

30. Defendant LUCIA MARTINEZ controlled and/or supervised the payroll practices alongside BEN XU.

## FACTUAL ALLEGATIONS

31. Defendant BEN XU possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

32. Defendant LUCIA MARTINEZ possesses operational control over Defendant Corporation, and controls significant functions of Defendant Corporation.

33. Defendants are associated and joint employers, act in the interest of each other.

34. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

35. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL. In the alternative, Defendants constitute a single employer of Plaintiff.

36. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

37. In the year 2016 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, multiple items were used at NEW MILLION NAIL SALON / BLOOMIE NAILS & SPA 21 to be able to perform the job such as alcohol, acetone, nail polishes, manicure tables, manicure and pedicure bowls, nail dryers, nail drills and polishers, nail salon carts and trolleys, nail salon hot towel cabinets and sterilizers, and cleaning supplies, were produced outside the State of New York.

*Plaintiff CRESENCIANA PITA*

39. Plaintiff PITA was employed by Defendants from approximately May 2016 through May 2021.

40. Throughout her employment with defendants, Plaintiff PITA was employed by the Defendants as a nail technician at their locations at 307 W 125th Street, New York, NY 10027, 125 St. Nicholas Ave New York, NY and 219 8th Ave New York, NY 10011.

41. Plaintiff PITA regularly handled goods in interstate commerce, such as nail technician supplies produced outside the state of New York.

42. Plaintiff PITA's work duties required neither discretion nor independent judgment.

43. Plaintiff PITA regularly worked in excess of 40 hours per week.

44. Between September and May of each year for the duration of her employ, Plaintiff PITA worked for the Defendants five (5) days per week from 9:00 A.M. until approximately 7:30 P.M. and 8:00 P.M. from May 2016 until May 2021.

45. Between June and September of each year, Plaintiff worked six days per week at the same daily schedule described above.

46. Defendants paid Plaintiff at a daily rate without a premium for her overtime hours.

47. Defendants paid Plaintiff $70 per day when she started in May 2016 until JUNE 2016.

48. Defendants paid Plaintiff $75 per day from June 2016 until May 2018.

49. Defendants paid Plaintiff $80 per day from May 2018 until MAY 2019.

50. Defendants paid Plaintiff $85 per day from May 2019 until September 2020.

51. Defendants paid Plaintiff $90 per day from November 2020 until her last day of employment on May 2021.

52. Plaintiff PITA had to buy cuticles cutter, cuticle filer and nail clippers to serve the clients.

53. No notification was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

54. Defendants never provided Plaintiff with each payment of wages a statement of wages, as required by NYLL 195(3).

55. Defendants never provided Plaintiff PITA, any notice in English and in Spanish (Plaintiff PITA'S primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Discriminatory Conduct*

56. Defendants forced Plaintiff to provide a pedicure to a male customer who masturbated during the pedicure.

57. This occurred approximately five times.

58. Plaintiff complained to Defendant Xu and Martinez.

59. The Defendants laughed at her and mocked her for the experience.

60. Defendant Martinez stated that Plaintiff had the "face of a slut" along with other gender-loaded derogatory comments.

61. Defendants were motivated by Plaintiff's gender in forcing her to endure these experiences

62. As a result of this experience Plaintiff suffered extreme emotional distress.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

65. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

66. Plaintiff were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

67. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff PITA's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff PITA, controlled the terms and conditions of her employment and had the power to determine the rate and method of any compensation in exchange for her employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiff PITA at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

74.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

76.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

77.     Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

78.     Plaintiff PITA repeats and realleges all paragraphs above as though fully set forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

80.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff PITA less than the minimum wage.

81.     Defendants' failure to pay Plaintiff PITA the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

82.     Plaintiff PITA was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

83. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

85. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

86. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants failed to provide Plaintiff with written notices, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL

§195(1).

89. Defendants are liable to Plaintiff for the full statutory penalty.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

90. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

91. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS, LATE PAYMENTS, TOOLS OF THE TRADE and KICKBACKS

93. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

94. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 196, 195 and 198 and the applicable regulations thereunder.

95. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law or those made for the benefit of the employee

11

which are expressly authorized in writing by the employee. N.Y. Lab. Law §193(1).

96. NYLL § 193(2) prohibits employers from making any charge against an employee's wages or requiring an employee to make any payment by separate transaction unless such payment is a permitted deduction pursuant to § 193(1). NYLL § 193(2).

97. NYLL § 198-b prohibits Defendants from receiving "kickbacks" from Plaintiffs and other similarly-situated employees. NYLL § 198-b.

98. Title 12 of the Rules and Regulations of New York provides that the minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer.

99. Defendants deducted various unlawful charges from Plaintiff's pay including but not limited to tools and supplies, inter alia.

100. Defendant claimed to deduct taxes from certain payments however upon information and belief those payments were never remitted to the government.

101. Moreover, these charges reduced Plaintiff's wages below the minimum wage.

102. Said violations were not in good faith within the meaning of New York Labor Law §§ 198.1-a and 663.

103. Plaintiff has been damaged in an amount as yet undetermined plus liquidated damages.

## NINTH CAUSE OF ACTION

### TOOLS OF THE TRADE AND KICKBACKS (FLSA)

104. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

105. The regulations promulgated under the FLSA provide that wages cannot be

considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

106. An employer receives an indirect "kickback" when it requires employees to purchase tools of their trade which will be used in or are specifically required for the performance of their work. 29 C.F.R. § 531.35.

107. Defendants regularly received kickbacks by deducting various unlawful charges from Plaintiff's pay including but not limited to tools and supplies, *inter alia*.

108. Moreover, these charges reduced Plaintiff's wages below the minimum wage.

109. Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

110. Plaintiff has been damaged in an amount as yet undetermined plus liquidated damages, reasonable attorney's fees and costs, pre- and post- judgment interest and any other remedy permitted by law.

## TENTH CAUSE OF ACTION

### UNPAID AND LATE WAGES UNDER NYLL ARTICLE 6 AND ARTICLE 19

111. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

112. Plaintiff was a manual worker under the NYLL.

113. Defendants regularly paid Plaintiff in irregular increments over the course of her employ in violation of N.Y. Lab. L. § 191(1)(a), inter alia.

114. Defendants frequently issued checks and other payments more than 7 days late.

115. Defendants violated the NYLL by failing to timely pay Plaintiff for her work under NYLL Section *19 et seq*.

116. Defendants failure to pay Plaintiff timely was willful malicious and/or not in good

faith.

117. Plaintiff was damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

**VIOLATION OF NYC HUMAN RIGHTS LAW– DISCRIMINATORY TREATMENT**

118. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

119. Plaintiff has or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

120. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYCHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and harassing her and subjecting her to offensive, cruel and hostile environment as a condition of her employment.

121. Defendants' actions against the Plaintiff constituted discriminatory treatment, harassment in violation of NYCHRL.

122. Plaintiff suffered embarrassment, humiliation and emotion distress, *inter alia*, as a result of her treatment by the Defendants.

123. Defendants conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

124. Plaintiff was damaged in an amount to be determined at trial.

## TWELVETH CAUSE OF ACTION

## NEW YORK CITY HUMAN RIGHTS LAW – AIDING and ABETTING

125. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

126. Plaintiff has or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

127. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYCHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and subjecting her to a cruel and oppressive work environment as a condition of her employment.

128. Defendants knowingly and recklessly aided and abetted that unlawful employment practices and discrimination against Plaintiff in violation of NYCHRL Section 8-107(6).

129. Plaintiff suffered embarrassment, humiliation, and emotion distress, *inter alia*, as a result of her treatment by the Defendants.

130. Defendants conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

131. Plaintiff was damaged in an amount to be determined at trial.

## THIRTEENTH CAUSE OF ACTION

## NEW YORK STATE HUMAN RIGHTS LAW AND EXECUTIVE LAW – DISCRIMINATION

132. Plaintiff repeats and realleges each and every allegation set forth above with the

same force and effect as if set forth fully herein.

133. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYSHRL and NY State Executive Law, including but not limited to Executive Law Section 296(1)(a), (6) & (7), by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and harassing her, as well as by "aiding abetting, inciting".

134. Such conduct was severe and pervasive.

135. Defendants actions against the Plaintiff constituted discriminatory treatment, harassment and retaliation in violation of NYSHRL.

136. Defendants conduct constitutes malicious, willful and wanton violations of the NYSHRL.

137. Plaintiff was damaged in an amount to be determined at trial.

## FOURTEENTH CAUSE OF ACTION

### NEW YORK STATE HUMAN RIGHTS LAW – AIDING and ABETTING

138. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

139. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYSHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and subjecting her to a cruel and oppressive work environment as a condition of her employment.

140. Defendants knowingly and recklessly aided and abetted that unlawful employment practices and discrimination against Plaintiff in violation of N

141. Plaintiff suffered embarrassment, humiliation and emotion distress, *inter alia*, as a

result of her treatment by the Defendants.

142. Defendants conduct constitutes malicious, willful and wanton violations of the NYSHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

143. Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage

provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j)     Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff compensatory, economic and non-economic, punitive, special and general, attorneys' fees and costs, and any other category of damages under city, state and federal law for the Defendants' discriminatory conduct towards Plaintiff;

(m)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
September 27, 2022

By: /s/ Colin Mulholland
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*